# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| POLICE OFFICER JODY SIBIO, | |
| Plaintiff, | CIVIL ACTION NO. 3:06-CV-0995 |
| v. | (JUDGE CAPUTO) |
| BOROUGH OF DUNMORE, et al., | |
| Defendants. | |

## **MEMORANDUM**

Presently before the Court are Defendants Borough of Dunmore ("Borough"), Borough of Dunmore Council ("Council"), Borough of Dunmore Civil Service Commission ("Commission"), Borough of Dunmore Police Association ("Association"), Michael Cummings, Joseph Loftus, Thomas Hennigan, Joseph Talutto, Leonard Verrastro, John Barrett, William Gallagher, and Ralph Marino's (collectively "Defendants") Motions for Summary Judgment (Docs. 27 and 30) as to Plaintiff Jody Sibio's Amended Complaint (Doc. 24). For the reasons stated below, Defendants' motions will be granted as to Count I of Plaintiff's Amended Complaint. The Court has jurisdiction over Count I of Plaintiff's Amended Complaint pursuant to 28 U.S.C. § 1331. The Court will decline to exercise its supplemental jurisdiction, pursuant to 28 U.S.C. § 1367, over Counts II and III of Plaintiff's Amended Complaint, and will dismiss these claims without prejudice.

**BACKGROUND**

The relevant facts presented in the summary judgment record, viewed in the light most favorable to Plaintiff, are as follows. Plaintiff was employed full-time as an "active reserve" police officer for the Borough until July 1, 2005. (*See* Sibio Dep. 6:18-7:22; 30:14-32:13, Sept. 18, 2006, Doc. 36-2.) Plaintiff was a member of the Association, the union that represents Borough police officers. (Sibio Dep. 20:10-11.) As an active reserve police officer, Plaintiff did not receive the same pay rate and pension benefits as "regular" full-time police officers. (Sibio Dep. 32:10-13.)

Plaintiff's employment with the Borough was governed by a collective bargaining agreement ("CBA"). (Doc. 33-6.) The CBA provided for a grievance and arbitration procedure requiring that any grievance of a police officer shall first be filed with the Council. (CBA between the Borough of Dunmore and the Dunmore Police Association, Article 18, Doc. 33-6 at 20.) In the event that the Council denies a police officer's grievance, the police officer must then submit the grievance to binding arbitration pursuant to the rules and regulations of the American Arbitration Association. (*Id.*)

On December 31, 2003, the CBA between the Association and the Borough expired. (Doc. 33-5 at 34.) The Association and the Borough were unable to resolve their negotiations directly, and so these parties submitted their dispute to binding arbitration. (*Id.*)

A panel of the American Arbitration Association rendered an arbitration award on February 4, 2005. (*Id.*) Pursuant to the new CBA, in order to be promoted to regular, full-time police officer, Plaintiff would be required to take and pass a civil service examination

("the exam"), which would be administered by the Commission. (*Id.*)

Pursuant to Section 714 of the Rules and Regulations of the Commission, "[t]he minimum passing grade for an examination for any position in the classified service for which a numerical grade is given shall be a score of seventy (70%) per cent, and each applicant for any such position shall score at least seventy (70%) per cent on each element of the examination except for those elements which shall be rated Pass/Fail." (Doc. 33-6 at 47.)  According to Plaintiff's interpretation of this provision, in order for him to pass the exam, he had to achieve an overall score of at least seventy percent (70%), without regard to how he performed on each individual section of the exam.  Conversely, Defendants contend that Plaintiff was required to score at least seventy percent (70%) on each section of the exam – math, grammar and writing – in order to pass the exam.  It is undisputed that, had Plaintiff passed the exam, he would have become a regular, full-time police officer. (Doc. 33-5 at 34.)  As such, he would receive a higher rate of pay and become a member of the pension plan. (*Id.*; *see* ¶¶ 2. C., 5.)

On May 21, 2005, Plaintiff and twelve other active reserve police officers took the exam. (Sibio Dep. 20:3; Doc. 33-5 at 23.)  Plaintiff received an overall score of seventy-eight percent (78%). (Doc. 33-5 at 23.)  However, Plaintiff received a score of fifty percent (50%) on the grammar section of the exam. (*Id.*)  As such, the Commission informed Plaintiff that he had failed the exam. (Doc. 33-6 at 4.)  He was one of three (3) active reserve officers to fail the exam. (*See* Doc. 33-5 at 23.)  The ten (10) officers who passed the exam became regular, full-time officers and were placed above Plaintiff in terms of seniority. (Sibio Dep. 24:20-24.)

Thereafter, Plaintiff filed a grievance with the Association. (Sibio Dep. 25:21-27:18;

3

41:1-47:4.) He did not, however, file a grievance with the Council as required by Article 18 of the CBA. Moreover, Plaintiff did not prosecute his grievance through to arbitration as required by the CBA. Plaintiff claims that the Association chose not to file his grievance with the Council. (Sibio Dep. 25:21-26:21.) Plaintiff resigned as a police officer with the Borough on July 1, 2005. (Sibio Dep. 6:20-23.)

On May 15, 2006, Plaintiff filed a Complaint in this Court. (Doc. 1.) Plaintiff filed an Amended Complaint on November 28, 2006. (Doc. 24.) Therein, Plaintiff alleged that he had been deprived of his rights to procedural and substantive due process under color of state law in violation of 42 U.S.C. § 1983. (*Id.*) Plaintiff also alleged state law claims against the Association for breach of duty of fair representation and against the Borough for breach of the CBA. (*Id.*)

On February 15, 2007, Defendants filed their Motions for Summary Judgment as to Plaintiff's Amended Complaint. (Docs. 27 and 30.) That same day, Defendants also filed supporting briefs and memoranda of law. (Docs. 28 and 31.) Plaintiff filed opposition papers in early March 2007. (Docs. 36 and 37.) Consequently, Defendants' motions are fully briefed and now ripe for disposition.

## LEGAL STANDARD

Summary judgment is appropriate if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c). A fact is material if proof of its existence or nonexistence might affect the outcome of the suit under the applicable

substantive law. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

Where there is no material fact in dispute, the moving party need only establish that it is entitled to judgment as a matter of law. Where, however, there is a disputed issue of material fact, summary judgment is appropriate only if the factual dispute is not a genuine one. *See id.* at 248. An issue of material fact is genuine if "a reasonable jury could return a verdict for the nonmoving party." *Id*.

Where there is a material fact in dispute, the moving party has the initial burden of proving that: (1) there is no genuine issue of material fact; and (2) the moving party is entitled to judgment as a matter of law. *See* CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE: CIVIL 2D § 2727 (2d ed. 1983). The moving party may present its own evidence or, where the nonmoving party has the burden of proof, simply point out to the Court that "the nonmoving party has failed to make a sufficient showing of an essential element of her case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

All doubts as to the existence of a genuine issue of material fact must be resolved against the moving party, and the entire record must be examined in the light most favorable to the nonmoving party. *See White v. Westinghouse Elec. Co.*, 862 F.2d 56, 59 (3d Cir. 1988). Once the moving party has satisfied its initial burden, the burden shifts to the nonmoving party to either present affirmative evidence supporting its version of the material facts or to refute the moving party's contention that the facts entitle it to judgment as a matter of law. *See Anderson*, 477 U.S. at 256-257.

The Court need not accept mere conclusory allegations, whether they are made in

the complaint or a sworn statement. *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888 (1990). In deciding a motion for summary judgment, "the judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Anderson*, 477 U.S. at 249.

## DISCUSSION

I.  **Defendants Borough of Dunmore Council & Borough of Dunmore Civil Service Commission**

The Court will grant summary judgment in favor of Defendants Council and Commission as to all of Plaintiff's claims brought against them. Departments that are merely an administrative arm of the local municipality, or a sub-unit of the municipality, are not separate legal entities and, as such, cannot be sued in conjunction with the municipality. *See, e.g., Padilla v. Twp. of Cherry Hill*, 110 Fed. Appx. 272, 278 (3d Cir. 2004); *Patterson v. Armstrong County Children & Youth Servs.*, 141 F. Supp. 2d 512, 542 (W.D. Pa. 2001). Consequently, the Court will grant summary judgment in favor of Defendants Council and Commission.

II. **Defendants Cummings, Loftus, Hennigan, Talutto, Verrastro, Barrett, Gallagher and Marino**

The Court will grant summary judgment in favor of Defendants Cummings, Loftus, Hennigan, Talutto, Verrastro, Barrett, Gallagher and Marino as to Plaintiff's claims against them in their official capacities. These claims are merely another way of asserting claims against the Borough itself. *Kentucky v. Graham*, 473 U.S. 159 (1985); *Edmundson v. Borough of Kennett Square*, 4 F.3d 186, 191 (3d Cir. 1993).

**III.     Plaintiff's Federal Law Claim (Count I)**

   **A.     Defendant Dunmore Police Association**

The Court will dismiss Plaintiff's constitutional claims brought against Defendant Association. The Association was Plaintiff's labor union; it is not a state actor. A labor union is a private entity, *Driscoll v. Int'l Union of Operating Eng'rs, Local 139*, 484 F.2d 682, 690 n. 21 (7th Cir. 1973), *cert. denied*, 415 U.S. 960 (1974). As such, a labor union may not be sued for constitutional violations. *Talley v. Feldman*, 941 F. Supp. 501, 512 (E.D. Pa. 1996). If, however, a plaintiff demonstrates that the government significantly encouraged the labor union to engage in constitutional violations, he may be able to maintain a suit against the union for constitutional violations. *Id.*

Here, Plaintiff has failed to present any evidence that the Association engaged in constitutional violations at the behest of the Borough. (*See* Sibio Dep. 48:11-49:5.) As such, the Court will grant summary judgment in favor of the Association as to Count I of Plaintiff's Amended Complaint.

   **B.     Procedural Due Process**

Plaintiff's procedural due process claim must be dismissed on the ground that he did not exhaust the administrative remedies available to him – i.e. he did not proceed to arbitration. There is a "strong public and private interest in maintaining an effective grievance/arbitration process to settle disputes between employers and employees." *Dykes v. Southeastern Pa. Transp. Auth.*, 68 F.3d 1564, 1572 (3d Cir. 1995). "In order to state a claim for failure to provide due process, a plaintiff must have taken advantage of the processes that are available to him . . . ." *Alvin v. Suzuki*, 227 F.3d 107, 116 (3d Cir. 2000). "If there is a process on the books that appears to provide due process, the plaintiff cannot skip that process and use the federal courts as a means to get back what

7

he wants." *Id.*

In *Alvin*, the United States Court of Appeals for the Third Circuit affirmed the dismissal of a plaintiff's section 1983 claims because the plaintiff failed to follow the grievance procedures outlined in his employment handbook. *Id.* at 118. Like the plaintiff in *Alvin*, Plaintiff has failed to complete the administrative grievance procedure mandated by the CBA because he has not completed the arbitration required by Article 18 of the CBA. (*See* Doc. 33-6 at 20.) Only after completion of arbitration proceedings may a plaintiff assert a procedural due process claim, and only then upon proof that the arbitration was "patently inadequate." *Alvin*, 227 F.3d at 116. "[W]here an adequate grievance/arbitration procedure is in place and is followed, a plaintiff has received the due process to which he is entitled under the Fourteenth Amendment." *Dykes,* 68 F.3d at 1565.

Accordingly, because he did not avail himself of the arbitration procedures provided to him by the CBA, Plaintiff's procedural due process claim must be dismissed.

### C.     Substantive Due Process

The Court will grant summary judgment in Defendants' favor to the extent that Plaintiff claims that Defendants' actions violated his constitutional right to substantive due process by failing to follow the testing procedures established by the CBA and the Commission. Plaintiff's claim fails as a matter of law because one can have no liberty interest in a procedure. *See Olim v. Wakinekona*, 461 U.S. 238, 250-51 (1983); *Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1996).

### IV.    Plaintiff's State Law Claims (Counts II and III)

Whereas Plaintiff's now dismissed federal law claims were the bases for subject matter jurisdiction, the Court will decline to exercise supplemental jurisdiction over

Plaintiff's state law claims against the Association for breach of a union's duty of fair representation (Count II) and against the Borough for breach of the CBA (Count III). 28 U.S.C. § 1367(c) (a federal district court may decline to exercise supplemental jurisdiction over state law claims when the court has dismissed all claims over which it has original jurisdiction); *United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966) (stating that "if the federal claims are dismissed before trial . . . the state claims should be dismissed as well"). Accordingly, the Court will dismiss Counts II and III of Plaintiff's Amended Complaint without prejudice.

## CONCLUSION

For the above stated reasons, the Court will: (1) grant summary judgment in Defendants' favor as to Count I of Plaintiff's Amended Complaint; and (2) dismiss without prejudice Counts II and III of Plaintiff's Amended Complaint.

An appropriate Order follows.

| | |
|---|---|
| April 18, 2007 | /s/ A. Richard Caputo |
| Date | A. Richard Caputo |
| | United States District Judge |

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| POLICE OFFICER JODY SIBIO, | |
| Plaintiff, | CIVIL ACTION NO. 3:06-CV-0995 |
| v. | |
| BOROUGH OF DUNMORE, et al., | (JUDGE CAPUTO) |
| Defendants. | |

**ORDER**

**NOW**, this ___18th___ day of April, 2007, **IT IS HEREBY ORDERED** that:

(1) Defendants Borough of Dunmore, Borough of Dunmore Council, Borough of Dunmore Civil Service Commission, Borough of Dunmore Police Association, Michael Cummings, Joseph Loftus, Thomas Hennigan, Joseph Talutto, Leonard Verrastro, John Barrett, William Gallagher and Ralph Marino's Motions for Summary Judgment (Docs. 27 and 30) as to Count I of Plaintiff's Amended Complaint (Doc. 24) are **GRANTED**.

(2) Counts II and III of Plaintiff's Amended Complaint are **DISMISSED** without prejudice.

(3) The Clerk of the Court shall mark this case as **CLOSED**.

                                        /s/ A. Richard Caputo
                                        A. Richard Caputo
                                        United States District Judge